UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANDRE NAVON PEOPLES,

                    Petitioner,

                                        Criminal No. 2:18cr8
v.                                      Civil No. 2:20cv255

UNITED STATES OF AMERICA,

                    Respondent.


OPINION AND ORDER

This matter is before the Court on a pro se Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Andre Navon Peoples ("Petitioner") pursuant to 28 U.S.C. § 2255. ECF No. 75. Petitioner contends that his convictions under 18 U.S.C. §§ 922(g) and § 924(c) as well as his probation revocation sentence are all invalid. For the reasons stated below, Petitioner's motion is **DISMISSED AND DENIED**.

I. BACKGROUND

On January 18, 2018, a grand jury indicted Petitioner on six counts: (1) conspiring to distribute and possess with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 846; (2) distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) possessing with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); (4) possessing a firearm after

being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (5) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (6) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and (b).  ECF No. 13.  On March 2, 2018, Petitioner pled guilty to the § 922(g) and § 924(c) firearm offenses in exchange for the dismissal of the other four counts.  ECF No. 22, at 1-2, 5.  On June 22, 2018, the Court sentenced Petitioner to consecutive sentences of 46 months on the § 922(g) count and 60 months on the § 924(c) count, for a total of 106 months of imprisonment.  ECF No. 49, at 2.

At the time of his conviction in the instant case, Petitioner was serving a five-year term of probation in a previous case prosecuted in this district.  See United States v. Peoples, No. 2:16cr42 (E.D. Va.), ECF No. 28.  In that matter, Petitioner pled guilty to conspiring to obtain a firearm by making a false statement, and the assigned district judge imposed a five-year sentence of probation on October 27, 2017.  Id., ECF Nos. 17, 30. After Petitioner pled guilty in this case, the district judge in Case No. 2:16cr42 revoked Petitioner's probation and sentenced him to 20 months of imprisonment for violating the terms of his probation.  See id., ECF No. 47.  The 20 months were ordered to be served consecutively with the sentence imposed in the instant case. Id.

Petitioner filed his § 2255 motion on May 15, 2020, contending that his § 922(g) conviction, his § 924(c) conviction, and his probation revocation sentence are all invalid.  ECF No. 75.  The Government filed an opposition brief on August 26, 2020, ECF No. 81, and Petitioner filed a reply on October 23, 2020, ECF No. 84.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a petitioner must prove by a preponderance of the evidence (1) that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) that the district court "was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum authorized by law," or (4) that the sentence or conviction is "otherwise subject to collateral attack."  Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion.  Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

While a § 2255 motion enables a petitioner to collaterally attack his sentence or conviction by initiating a new proceeding, the existence of the right to pursue a collateral attack does not

3

displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 165-66. For this reason, the doctrine of procedural default generally prevents a district court from reaching the merits of a § 2255 claim that could have been raised on direct appeal unless a petitioner can show two things: (1) "cause" excusing the failure to directly appeal the alleged error; and (2) "actual prejudice" resulting from the alleged error. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Alternatively, a Petitioner may overcome his default by demonstrating "actual innocence." Id.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice"; rather, he

4

must show that errors imposed an "<u>actual</u> and substantial disadvantage," infecting the entire criminal proceeding with an "error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170.

However, a § 2255 petitioner need not overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, as such a claim is properly asserted for the first time in a § 2255 motion. <u>See</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). To obtain relief based on an allegation of ineffective assistance of counsel, a petitioner must establish two things: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance resulted in prejudice to the petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Conclusory statements are insufficient to carry a petitioner's burden. <u>See</u> <u>United States v. Dyess</u>, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (quoting <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000)) (internal quotation marks omitted)).

Satisfying the first prong of <u>Strickland</u> requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. Reviewing courts

strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which means he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693–94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The prejudice prong is slightly modified where, as here, a petitioner challenges a conviction entered after a guilty plea; in such circumstances, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

Petitioner advances four claims in support of his § 2255 motion, and the Court will address each in turn.

## A. Petitioner's <u>Davis</u> Claim

Petitioner first challenges the validity of his § 924(c) conviction on constitutional grounds. ECF No. 75, at 4. Section 924(c) prohibits using or carrying a firearm in connection with any "crime of violence <u>or</u> drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). A "crime of violence" is a felony that either (1) has an element that requires use or threatened use of physical force ("the force clause"), or (2) "by its nature, involves a substantial risk of physical force" ("the residual clause"). <u>Id.</u> § 924(c)(3). A "drug trafficking crime" is a "felony punishable under the Controlled Substances Act." <u>Id.</u> § 924(c)(2).

Petitioner's § 2255 motion does not state why his § 924(c) conviction is invalid beyond asserting that it violates his Fifth Amendment due process rights in light of a "[r]ecent Supreme Court ruling" issued after this Court sentenced him. <u>See</u> ECF No. 75, at 4. Construing Petitioner's <u>pro se</u> motion liberally, the Government posits that Petitioner is alluding to <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), but argues that a <u>Davis</u> claim lacks merit here. ECF No. 81, at 3–4. Despite the Government's opposition, Petitioner's reply brief does not clarify (or even address) this claim. <u>See</u> ECF No. 84. After careful consideration, the Court agrees with the Government's construction of

7

Petitioner's claim and further concludes that Petitioner's <u>Davis</u> claim lacks merit.

In <u>Davis</u>, the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, 139 S. Ct. at 2336, but the Court said nothing about the definition of a "drug trafficking crime." Here, Petitioner's § 924(c) conviction is not predicated on the residual clause (or even a crime of violence) but instead on two "drug trafficking crimes": (1) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (2) possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). ECF No. 13, at 4. Therefore, Petitioner's first claim for habeas relief is **DENIED**.[1]

### B. Petitioner's First Step Act Claim

Petitioner next argues he is entitled to habeas relief on his § 924(c) conviction because the First Step Act renders the conviction invalid, but Petitioner does not explain why that is the case in his motion or in his reply brief. <u>See</u> ECF No. 75; ECF No. 84. In any event, this claim fails because the First Step Act's changes to § 924(c) do not apply to Petitioner.

Section 924(c) imposes a five-, seven-, or ten-year mandatory minimum sentence for a defendant's first § 924(c) conviction and

---

[1] The Court notes that the Government does not raise the issue of procedural default with respect to Petitioner's <u>Davis</u> claim. <u>See</u> ECF No. 81, at 3-4. As such, the Court will not address that particular issue.

a 25-year consecutive mandatory minimum for his second.  See 18 U.S.C. § 924(c)(1)(A), (C).  Before the First Step Act, a defendant convicted of multiple § 924(c) counts in a single criminal case triggered the 25-year mandatory minimum sentence even though the first conviction was obtained in the same criminal case.  See Deal v. United States, 508 U.S. 129, 132 (1993).  The First Step Act amended § 924(c) so that the 25-year mandatory minimum applies only when a prior conviction under § 924(c) arose from a separate case and has already become "final."  First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5221-22; United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).  In other words, the First Step Act limited the 25-year mandatory minimum in § 924(c) to "recidivist offenders."  United States v. Jordan, 952 F.3d 160, 172 (4th Cir. 2020), cert. denied, 141 S. Ct. 1051 (2021).

The First Step Act is inapposite here because Petitioner never received the 25-year mandatory minimum sentence under § 924(c)(1)(C).  Indeed, Petitioner pled guilty to only one § 924(c) count.  See ECF No. 22, at 1-2.  Furthermore, Petitioner's reliance on the First Step Act for habeas relief is misplaced because the changes that the First Step Act made to § 924(c) do not apply to sentences that pre-date the First Step Act.  Indeed, the changes are limited to sentences "imposed" after the date of the statute's enactment: December 21, 2018.  See First Step Act § 403(b), 132 Stat. at 5222.  A sentence is imposed on the date

9

"the district court announces it." Jordan, 952 F.3d at 172.  Here, the Court announced Petitioner's sentence in June 2018—six months before Congress enacted the First Step Act.  See ECF No. 48. Accordingly, Petitioner's second claim for habeas relief is **DENIED**.[2]

### C. Petitioner's Attack on His Probation Revocation Sentence

Petitioner next challenges the validity of his probation revocation sentence, contending that "[t]he Supreme Court recently ruled that a District Court must allow a grand jury to determine whether or not a defendant has violated their term of supervision." ECF No. 75, at 7.  However, a different district judge in a different criminal case (Case No. 2:16cr42) imposed Petitioner's probation revocation sentence.  Any collateral attack Petitioner intends to levy against his probation revocation sentence must be filed in Case No. 2:16cr42.  See Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 4(a); Blackledge, 431 U.S. at 74 n.4.  To preserve Petitioner's ability to challenge his probation revocation sentence, this Court does not pass judgment on the merits of Petitioner's claim.[3]  See United States v. Blackstock, 513 F.3d

---

[2] As with Petitioner's Davis claim, the Government does not raise the issue of procedural default with respect to Petitioner's First Step Act claim. See ECF No. 81, at 5-6.  Thus, the Court will not address that issue.

[3] District courts are prohibited from considering "second or successive" § 2255 motions unless expressly authorized to do so by a panel of the appropriate court of appeals.  28 U.S.C. § 2255(h).

128, 132 (4th Cir. 2008).  For this reason, Petitioner's attack on his probation revocation sentence is **DISMISSED without prejudice.**

### D. Petitioner's <u>Rehaif</u> Claim

Petitioner's final claim is directed toward his § 922(g) felon-in-possession-of-a-firearm conviction and is premised on the Supreme Court's ruling in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019).  ECF No. 84, at 2.  In <u>Rehaif</u>, the Supreme Court held that a conviction under § 922(g) requires the Government prove not only that the defendant knew he possessed a firearm but also that <u>he knew he was a felon</u> when he possessed the firearm.  139 S. Ct. at 2200.  Petitioner's <u>Rehaif</u> claim is predicated on the fact that this Court failed to inform Petitioner at the time of his guilty plea that he could not be convicted under § 922(g) unless the Government proved that he knew he was a felon.  <u>See</u> ECF No. 84, at 2.  The Government concedes that <u>Rehaif</u> is retroactive on collateral review,[4] ECF No. 81, at 10, but objects to Petitioner's <u>Rehaif</u> claim on procedural and substantive grounds, <u>id.</u> at 10-24.

---

[4] For motions based on newly recognized rights, as is the case here, a petitioner must file his § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  Here, the Supreme Court decided <u>Rehaif</u> on June 21, 2019, and Petitioner filed his § 2255 motion on May 15, 2020.  <u>See</u> ECF No. 75.  Hence, Petitioner filed his <u>Rehaif</u> claim within the period prescribed by 28 U.S.C. § 2255(f)(3).

### 1. Procedural Default

The Government contends that Petitioner's <u>Rehaif</u> claim is procedurally defaulted because Petitioner did not previously raise the issue in this Court or on direct appeal.  ECF No. 81, at 10 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1988)).  While true, the Court notes that Petitioner can overcome his procedural default by demonstrating "cause" and "actual prejudice," or alternatively, by demonstrating "actual innocence."  <u>Mikalajunas</u>, 186 F.3d at 492-93.  The Court will first address cause and prejudice and then consider actual innocence.

### a. Cause and Prejudice

As stated above, establishing cause requires Petitioner to show "something external to the defense," such as (1) "a denial of effective assistance of counsel," or (2) "the novelty of the claim."  <u>Id.</u> at 493.  Here, Petitioner fails to establish ineffective assistance of counsel (as addressed below in Section III.D.3).  And it is unlikely that Petitioner could establish "cause" by arguing that a <u>Rehaif</u> claim was "so novel that its legal basis [wa]s not reasonably available to counsel."  <u>Bousley</u>, 523 U.S. at 622.  A claim is not novel where "other defense counsel have perceived and litigated the claim."  <u>Engle v. Isaac</u>, 456 U.S. 107, 134 (1982).  Three months before this Court sentenced Petitioner, the Eleventh Circuit issued a published opinion declining to hold that § 922(g) requires that the defendant know

he is a felon.  See United States v. Rehaif, 888 F.3d 1138, 1143
(11th Cir. 2018), rev'd and remanded, 139 S. Ct. 2191 (2019).
While a Rehaif claim would have likely been "futile" in this
circuit at the time Petitioner pled guilty and was sentenced, see
United States v. Langley, 62 F.3d 602, 605 (4th Cir. 1995), it is
unlikely a Rehaif claim was "so novel" at that time as to excuse
Petitioner's default.[5]  See United States v. Claytor, No. 7:15cr70,
2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (collecting cases
rejecting the argument that a Rehaif claim was novel); but see
Merritt v. United States, 499 F. Supp. 3d 249, 258 (E.D. Va. 2020)
(finding the claim novel in a case where the petitioner pled guilty
in 2010 but concluding that the petitioner failed to demonstrate
prejudice).

Nevertheless, this Court need not resolve whether a Rehaif
claim was sufficiently novel to establish cause because Petitioner
fails to demonstrate actual prejudice.  See Frady, 456 U.S. at 168
(declining to address cause because the petitioner had to prove
both cause and prejudice to succeed and the petitioner could not
show actual prejudice).  "When raising a forfeited attack on a
guilty plea, a defendant can only demonstrate . . . prejudice on

---

[5] Even if a claim is unsuccessful, "futility cannot constitute cause if it
means simply that a claim was unacceptable to that particular court at that
particular time." Bousley, 523 U.S. at 623 (quoting Engle, 456 U.S. at 130
n.5); see also Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014)
("The Supreme Court has made clear that alleged futility cannot serve as
'cause' for a procedural default in the context of collateral review.").

collateral review by 'show[ing] a reasonable probability that, but for the error, he would not have entered the plea.'"  See Merritt, 499 F. Supp. 3d at 259 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004)).  For Rehaif errors, "if a defendant was in fact a felon, it will be difficult for him to [show] . . . a 'reasonable probability' that but for the Rehaif error, the outcome of the district court proceedings would have been different." Greer, 141 S. Ct. at 2097.  Such is the case here, as nothing in the record suggests that Petitioner would have proceeded to trial and risked conviction on the § 922(g) count, the § 924(c) count, and the more serious drug trafficking counts (which were dismissed as part of his guilty plea) in order to challenge whether he knew he was a felon.  In fact, the record evidence shows that Petitioner knew he was a felon.

Just six months before his offense conduct in this case, Petitioner pled guilty to conspiracy to obtain a firearm by making a false statement, an offense that carries a maximum term of five years of imprisonment.  Peoples, No. 2:16cr42, ECF No. 17; 18 U.S.C. §§ 371, 922(a)(6), 924(a)(2); see also 18 U.S.C. § 922(g) (defining a felony as an offense "punishable by imprisonment for a term exceeding one year").  It is clear that Petitioner was aware of the potential punishment he could face in his prior federal prosecution because the first page of his signed plea agreement instructed him that the offense carries a maximum term of five

14

years of imprisonment.   Peoples, No. 2:16cr42, ECF No. 17, at 1.
Likewise, the first page of Petitioner's presentence report in his
prior federal prosecution identified the conspiracy offense as a
"Class D Felony" punishable by "5 years [of] imprisonment."[6]   Id.,
ECF No. 33, at 1.   Moreover, in this case, Petitioner signed a
Statement of Facts attesting that he acted "willfully and knowingly
with the specific intent to violate the law."   ECF No. 23 ¶ 9
(emphasis added); see also Merritt, 499 F. Supp. 3d at 262
(discussing an earlier case where the district court denied a
Rehaif claim under § 2255 because the petitioner agreed in his
Statement of Facts that his § 922(g) offense was committed
"willfully and knowingly with the specific intent to violate the
law").

In light of the evidence outlined above, and in the absence
of any new evidence suggesting that Petitioner did not know he was
a felon at the time he possessed the firearm, Petitioner fails to
establish that there is a "reasonable probability" he would have
proceeded to trial if he had been instructed of § 922(g)'s
knowledge-of-status requirement.   See Greer, 141 S. Ct. at 2097-
98 (explaining that if a defendant does not show that "he would
have presented evidence in the district court that he did not in

---

[6] Although not dispositive, it is also worth noting the district judge in
Case No. 2:16cr42 sentenced Petitioner to five years of probation with a
special condition of twenty-seven months of home detention.   Peoples, No.
2:16cr42, ECF No. 30, at 2.   Additionally, Petitioner's terms of probation
in that case also explicitly prohibited him from possessing a firearm.   Id.

fact know he was a felon when he possessed firearms," then he "cannot show that, but for the Rehaif error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty"). Petitioner therefore fails to demonstrate that he was prejudiced by the Rehaif error.

Petitioner nonetheless argues that he does not need to show prejudice to overcome his procedural default because the Rehaif error here rendered him unable to plead knowingly and intelligently. See ECF No. 84, at 5-10. The Fourth Circuit's opinion in United States v. Gary, 954 F.3d 194 (4th Cir. 2020), rev'd sub nom. Greer v. United States, 141 S. Ct. 2090 (2021), offered some support for Petitioner's position, holding that failure to properly advise a defendant of § 922(g)'s knowledge-of-status element is a structural error, mandating reversal of the conviction even without a showing of prejudice. Gary, 954 F.3d at 207-08. However, the Supreme Court recently reversed Gary, finding that a Rehaif error in a plea colloquy is not a structural error because it does not "render a criminal trial fundamentally unfair" or convert it into "an unreliable vehicle for determining guilt or innocence." Greer, 141 S. Ct. at 2100 (quoting Neder v. United States, 527 U.S. 1, 9 (1999)) (internal quotation marks omitted). In light of Greer, Petitioner's structural error argument does not remedy his failure to show actual prejudice.

16

## b. Actual Innocence

Turning to actual innocence, Petitioner must demonstrate that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)). Actual innocence does not mean "legal insufficiency," but rather "<u>factual innocence</u>." <u>Id.</u> at 623 (emphasis added). For this reason, the Government is permitted to supplement the record with "any admissible evidence of [the] petitioner's guilt," including evidence demonstrating that "the Government has forgone more serious charges in the course of plea bargaining." <u>Id.</u> at 624. Here, Petitioner does not present any evidence to support a claim of actual innocence,[7] the Government dismissed more serious charges

---

[7] Petitioner's reply brief asserts that he did not "'knowingly' possess a firearm or ammunition" because the Government relies on "circumstantial evidence" to prove he is guilty of violating § 922(g). ECF No. 84, at 4-5. To the extent that Petitioner advances an actual innocence argument on this basis, it fails for two reasons. First, Petitioner's argument is one of "legal insufficiency," not "<u>factual innocence</u>," as is required to show actual innocence. <u>Bousley</u>, 523 U.S. at 623 (emphasis added). Second, Petitioner's assertion that circumstantial evidence is insufficient to prove knowledge under § 922(g) is incorrect. <u>See</u> <u>United States v. Gallimore</u>, 247 F.3d 134, 136-37 (4th Cir. 2001) (rejecting the argument that direct evidence is required to show a violation of § 922(g) and finding "circumstantial evidence" sufficient). Here, ATF agents found a loaded semi-automatic pistol in a closet in Petitioner's home as well as ammunition and magazines for the pistol in multiple rooms throughout the home that Petitioner clearly had access to. ECF No. 23, at 2; ECF No. 51, at 4; <u>see also</u> <u>Gallimore</u>, 247 F.3d at 136-37 (finding evidence of firearms throughout the defendant's home sufficient to prove knowledge because the defendant "was a regular occupant [of his home] and the firearms were in places where he would have seen them"). Moreover, after ATF agents confronted Petitioner with the pistol, Petitioner admitted that he hid the pistol in the closet before ATF agents searched his home. ECF No. 51 ¶ 8. For these reasons, Petitioner's assertion lacks merit.

in exchange for Petitioner's guilty plea, and the record shows that Petitioner knew he was a felon. Accordingly, Petitioner fails to demonstrate actual innocence.

Absent a showing of either cause and prejudice or actual innocence, Petitioner cannot overcome his procedural default, and his third claim is therefore **DISMISSED**.

### 2. Harmless Error

Even if Petitioner's Rehaif claim was procedurally proper, his claim fails on the merits for the same reasons discussed above. The record reveals that the instructional error in this case was harmless. By agreeing to plead guilty to one § 924(c) count and one § 922(g) count, Petitioner received a three-level Guideline credit for acceptance of responsibility and avoided conviction on four additional drug trafficking offenses that were dismissed as part of his plea agreement. ECF No. 51, at 7. It is doubtful that Petitioner would have risked conviction on four additional drug trafficking offenses—some of which carry a maximum term of 20 years of imprisonment—just to litigate whether he knew he was a felon at the time he possessed a firearm. As the Supreme Court stressed in Greer: "If a person is a felon, he ordinarily knows he is a felon. . . . Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon." 141 S. Ct. at 2097. And beyond just being a felon, the evidence outlined above shows that

18

Petitioner <u>knew</u> he was a felon.  Moreover, the evidence supporting the four drug trafficking counts was strong as well.  Law enforcement caught Petitioner distributing crack cocaine on December 22, 2017.  ECF No. 23, at 1-2; ECF No. 51 ¶ 3.  Considering the record before the Court, Plaintiff fails to demonstrate that it was objectively reasonable to proceed to trial rather than plead guilty.  See <u>United States v. Fugit</u>, 703 F.3d 248, 260 (4th Cir. 2012) (indicating that the operative question is whether proceeding to trial would have been "objectively reasonable in light of all of the facts").  As a result, Petitioner's <u>Rehaif</u> claim is alternatively **DENIED on the merits.**

### 3. Ineffective Assistance of Counsel

Petitioner's § 2255 motion does not allege ineffective assistance of counsel, see ECF No. 75, but his reply brief vaguely alludes to such an argument when discussing his <u>Rehaif</u> claim, see ECF No. 84, at 6-7 (citing <u>Roe v. Flores</u>, 528 U.S. 470 (2000)). While the nature of the claim is unclear, to the extent Petitioner raises an ineffective assistance claim, he fails to demonstrate constitutionally deficient performance or prejudice.  See <u>Strickland</u>, 466 U.S. at 687-88.  At the time of Petitioner's plea and sentencing, "controlling Fourth Circuit precedent held that a defendant's knowledge of his relevant status was not an element of an offense under § 922(g)(1)," and counsel's failure to predict "a change in the controlling law does not constitute deficient

performance under <u>Strickland</u>." <u>United States v. Hilliard</u>, No. 3:17cr44, 2021 WL 2369400, at *7 n.13 (E.D. Va. June 9, 2021) (citing <u>United States v. Morris</u>, 917 F.3d 818, 823 (4th Cir. 2019)). Furthermore, Petitioner fails to establish prejudice because he has not shown that there is a "reasonable probability" that he would have proceeded to trial had he received advice regarding § 922(g)'s knowledge-of-status requirement. <u>See</u> <u>Hill</u>, 474 U.S. at 59-60. Once again, the evidence shows that Petitioner knew he was a felon. Thus, to the extent Petitioner raises an ineffective assistance of counsel claim for failure to raise a <u>Rehaif</u> argument, the claim is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DISMISSED AND DENIED**. ECF No. 75. Finding that the procedural basis for dismissing Petitioner's <u>Rehaif</u> claim is not debatable, and separately finding that Petitioner has not made a "substantial showing of the denial of a constitutional right" for any of his claims, a certificate of appealability as to his § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c); <u>see</u> Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit.

Fed. R. App. P. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a).    If  Petitioner  intends  to  seek  a  certificate  of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order.  Petitioner may seek such a certificate by filing a written notice of appeal with the  Clerk  of  the  United  States  District  Court,  United  States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

Petitioner  is  further  **ADVISED**  that  if  he  wishes  to  file  a § 2255 motion challenging his probation revocation sentence, he must file his motion in **Case No. 2:16cr42**, <u>see</u> Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 4(a), though the time for doing so may have expired.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Petitioner and counsel of record for the Government.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October __28__, 2021